DETINUE.                    Gaines *vs* Wiggs.

*Case* 66.                 ERROR TO THE BATH CIRCUIT.

                    *Practice.   Loans of  slaves.   Purchaser.   Notice.*

*January* 31.    CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

ALTHOUGH the defendant, Gaines, excepted to several

Exceptions be- depositions, he did not except to the opinion of the
ing overruled to
depositions, and Court overruling the exceptions, nor did he, in any
no exception be-
ing taken to the manner, reserve the question as to the admissibility of
opinion of the the depositions.   So far as that question depends upon
court, does not
raise the ques- extraneous facts, such as notice, inability to attend, &c.
tion on the pro-
priety of the de- in the absence of the testimony on the subject, the pre-
cision of the cir-
cuit court in sumption is, of course, in favor of the opinion of the
overruling the Circuit Court.   And although the matter of one of the
exceptions— so
far then admissi- depositions which, in assailing the character of the wit-
bility depends
upon extraneous ness, J. B. Gaines, details a particular transaction, is
facts, such as subject to objection, yet as the opinion of the Court
notice, &c.
overruling the exceptions, was not excepted to nor even
referred to as one of the grounds for a new trial, it
must be considered as having been waived.

The correctness of the opinions of the Court in over-
A purchaser of a ruling the instructions asked for by the defendant, and
slave held by an
unrecorded loan in giving such as were given, depends essentially upon
by the vendor for the question whether if there be an unrecorded loan of
more than five
years will be pro- slaves, and the loanee remain in possession five years, a
tected, though he
had notice that subsequent purchaser from the loanee for a valuable
his vendor held
by a loan only. consideration, is affected by the fact of notice of the
(1 *Mar.*, 210.) title of the lender, or whether he can hold against that
title, notwithstanding his having had notice before his
purchase, that his vendor was a mere loanee.

This question as arising under the statute against
fraudulent conveyances, is decided in favor of the pur-
chaser, by the case of *Baker and wife* vs *Mason, &c.*,
(1 *Marshall,* 210.)    The decision in that case relates, it
is true, to a conveyance made expressly with intent to
hinder, delay or defraud creditors, &c., and coming ex-
pressly within the denunciation of the first clause of

the second section of the act, which declares such con-veyances void. But the subsequent clause declares as emphatically, that where there is an unrecorded loan and possession is held by the loanee for five years, with-out demand, &c., the same shall be taken, as to credi-tors and purchasers of the person so in possession, to be fraudulent within the act, which would of itself suffice to bring the loan within the denunciation previously made against conveyances made with intent to hinder, delay or defraud. But the statute goes on to declare expressly, that the absolute property shall be taken to be with the possession, unless the loan be recorded, &c. The statute then makes the reservation of right to the lender, fraudulent and void as to creditors and purcha-sers of the loanee, if there has been five years posses-sion, and it makes no distinction founded upon there being or not being notice, but declares that as to credi-tors and purchasers from the person so remaining in pos-session, the same, that is, the loan and reservation shall be deemed fraudulent, and the absolute property to be with the possession.

We are of opinion, therefore, that the principle of the case referred to applies fully to the present question, and that according to the construction there given to the statute, the purchaser from a loanee or from the alienee of a loanee, after five years possession under an unre-corded loan, may hold against the claim of the lender, whether he had notice of it before his purchase or not. Whether such notice might, in the consideration of a Court of equity, so affect the conscience of the purcha-ser as to preclude him from claiming the aid of that Court, we need not decide. The effect of the statute is to pass the legal title to him by virtue of his purchase from the loanee, without regard to any other circum-stances but the length of possession and the want of re-cord of the loan.

But the person claiming this benefit under the statute, must be a purchaser. If his contract is conditional, that is, if he is not to pay the consideration unless the claim of the lender shall be defeated, he stands in no better condition under the statute, than his vendor him-

But if a contract is conditional, and the purchas-er is to pay only in case he can hold against the lender, the pur-chaser is in no,

GAINES
vs
WIGGS.
better condition
than the loanee,
and will not be
protected.

self would occupy, and is not, in reality, a purchrser. But if his purchase is absolute and he pays or binds himself to pay the price, trusting either to the apparent ownership of his vendor as evidenced by long possession, or trusting to the statutory title based upon imputed fraud in the loan, he is a purchaser in view of the statute, which intends to avoid in favor of creditors and purchasers, without discrimination as to their merit or demerit, the unrecorded reservation of title after five years' possession by the loanee. Its effect is to enable the loanee, after that time, to vest an absolute title in his vendee.

The instructions given by the Court accord substantially with these principles. The first makes the distinction between an absolute and a conditional purchase by the plaintiff, the turning point in the case. And the instruction subsequently given on request of the jury, although it states the law in case they should find the purchase absolute, without saying expressly what it would be in case of a conditional purchase, did not overrule or withdraw the previous instruction, in which the law in that alternative is stated, and moreover implies if it had been the only instruction, that if the purchase were conditional the law would be different. And we must suppose that the jury understood that if the purchase, though from a loanee, were absolute after five years' possession, they were to find for the plaintiff, but that if it was conditional, they should find for the defendant.

And as we cannot say that the jury was bound to find the facts which would have authorized a verdict for the defendant, who had taken the slaves in contest from the possession of the plaintiff, under a claim derived from the alleged lender, there is no sufficient ground for directing a new trial after its refusal by the Circuit Court.

Wherefore, the judgment is affirmed.

*Apperson* for plaintiff; *Cates and Peters* for defendant.